**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20–cv–03550-RBJ

DEBORAH LAUFER, an individual,

     Plaintiff,

v.

BOULDERADO HOTEL LTD., LLP,

     Defendant.

_____

**DEFENDANT'S LETTER REQUESTING PERMISSION TO FILE MOTION TO DISMISS**
_____

Undersigned counsel has conferred with Plaintiff's counsel pursuant to the Practice Standards for this Courtroom and Plaintiff objects to the dismissal of the Complaint.

Defendant Boulderado Hotel LTD., LLP ("Defendant"), by and through its counsel, Ruebel & Quillen, LLC, submits the following Letter pursuant to the Practice Standards of this Courtroom requesting permission to file a Motion to Dismiss the Complaint for lack of standing under Fed.R.Civ.P. 12(b)(1) and for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

Defendant asserts there are good grounds for permitting a Motion to Dismiss to go forward, and states as follows:

**A.**    **The operative ADA regulation does not provide for compensatory or punitive damages.**

Under the statute and regulation, only injunctive relief and attorneys' fees can be obtained in these types of cases. The cost to businesses is to bring the websites [such as Expedia listings] into compliance and paying attorneys' fees of the "serial plaintiffs" - i.e, individuals who file multiple lawsuits against similar businesses for the same alleged violations of the law. Many small business

1

owners quickly realize that it is cheaper for them to pay the standard settlement demand rather than defend against these lawsuits, despite the fact that the Plaintiff lacks standing to bring a viable claim.

Plaintiff Deborah Laufer and her counsel have blanketed multiple states with nearly 600 of these identical lawsuits against hotels claiming that the online booking information provided for each hotel through third-party controlled websites was insufficient and in violation of a regulation for the Americans with Disabilities Architectural Guidelines at 28 C.F.R. Section 36.302(e)(1) ("Regulation"). No 'injury in fact' has been sustained, however. Plaintiff lacks standing under Fed.R.Civ.P. 12(b)(1) for failing to meet any of the three elements of standing.

### (1) Plaintiff has not alleged a concrete and particularized "injury in fact" that is an actual or imminent threat of harm.

Plaintiff's allegation that she *intends* to take a roadtrip to Colorado after the pandemic and stay at *non-specific* hotels throughout the state, does not constitute a "concrete and particularized" injury in fact caused by this Defendant. "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *citing*, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992). Speculative, "someday intentions" do not support standing. *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004).

Plaintiff has sued 40 different hotels in Colorado. It is logically improbable and dubious that Plaintiff will actually reserve rooms at all 40 of these hotels. Plaintiff has not telephoned these hotels to request information about accessible rooms, Plaintiff has not found the actual website controlled by the hotels to be non-compliant, nor does she allege that any physical aspects of these hotels are non-compliant with the ADA. There is no connection alleged between Plaintiff and the hotel located at 2115 13th St. in Boulder, Colorado that transforms the generalized harm of misinformation on a third-party website into a particularized one. *Griffin v. Dep't of Labor Fed. Credit Union*, 912 F.3d 649, 655 (4th Cir. 2019).

2

**(2)	Plaintiff has not alleged a causal connection between the injury and the conduct complained of.**

Plaintiff has not specified any actual action of the Defendant that violated the ADA. Defendant does not control the third-party travel booking websites. Standing requires that "the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560-61. The Regulation, by itself, does not create a substantive right to information on a website, nor does it specifically require that certain information be made available online.

**(3)	Plaintiff has not demonstrated that it is likely that her injury will be redressed by a favorable decision.**

"To demonstrate redressability, a party must show that a favorable court judgment is likely to relieve the party's injury." *City of Hugo v. Nichols (Two Cases)*, 656 F.3d 1251, 1264 (10th Cir. 2011). An injunction against Defendant will not change the content of a website it does not author. All that this Defendant can do is to request the third-party site maintain the accuracy of its listing.

Plaintiff cannot show that she has suffered an injury in fact caused by this Defendant from searching third-party travel booking websites. Plaintiff lacks standing to maintain this lawsuit.

WHEREFORE, Defendant respectfully requests that the Court allow it to file a Motion to Dismiss the Complaint, and for any further relief as the Court deems proper.

Dated this 27th of January 2021.

*s/ Julia L. Morgenthau*
**Julia L. Morgenthau**
RUEBEL & QUILLEN, LLC
8461 Turnpike Drive, Suite 206
Westminster, CO 80031
Telephone: (888) 989-1777
Facsimile: (303) 362-5724
Email: *julia@rq-law.com*
*Attorneys for Defendant BOULDERADO HOTEL LTD., LLP*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 27th day of January, 2021, a true and correct copy of the foregoing DEFENDANT'S LETTER REQUESTING PERMISSION TO FILE MOTION TO DISMISS was served via ECF on the following:

Suzette M. Marteny Moore
S. Moore Law, PLLC
2690 S. Combee Road
Lakeland, Florida 33803
*Attorneys for Plaintiff*

> */s/ Susan Pensiero*
> Susan Pensiero, *Paralegal for*
> *Defendant BOULDERADO HOTEL*
> *LTD., LLP*