IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 1:20-cv-03550-RBJ

DEBORAH LAUFER, an individual,

    Plaintiff,

v.

BOULDERADO HOTEL LTD,

    Defendant.

---

ORDER

---

    This matter is before the court on defendant Boulderado Hotel Ltd.'s motion to dismiss, ECF No. 23; plaintiff Deborah Laufer's motion for leave to file a supplemental affidavit, ECF No. 56; and Mrs. Laufer's motion for leave to file a supplemental complaint, ECF No. 59. For the reasons discussed below, plaintiff's motions are GRANTED; defendant's motion to dismiss is GRANTED; and the amended complaint is dismissed.

## I. BACKGROUND

    Plaintiff Deborah Laufer uses a wheelchair and requires certain accommodations at places of public accommodations (PPAs). ECF No. 12-1 at 1–2. She is an advocate for disability rights and tests hotels and their websites to see if they comply with the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (ADA)s. *Id.* at 2. Defendant owns the Boulderado Hotel in Boulder, Colorado, and because it is a PPA, it must comply with the ADA. *Id.* at 3. Plaintiff does not allege that she has visited the hotel or that she intends to do so. Rather, she visited the online reservation system (ORS) maintained by defendant. *Id.* at 4. She alleges that

1

the ORS did not comply with the ADA's requirements laid out in Title III—the ORS does not give disabled patrons the ability to book, review, or request a handicap accessible room. *Id*. at 5. Therefore, she was denied the same goods, services, and accommodations available to the general public. ECF No. 12-1 at 5–6.

In an affidavit attached to her response to the pending motion Ms. Laufer, a resident of Florida, stated that she planned to visit Maine, New York, Colorado, Texas, and other states, including the Boulder area, when the Covid crisis abates; that she will need hotels along her route; and that she plans to visit defendant's ORS "as soon as the Covid crisis is over so that I can compare this to other hotels in arranging my upcoming trip." ECF No. 34-1 at 3, 5. Plaintiff alleges that she intends to revisit defendant's ORS to test it for compliance with 28 C.F.R. Section 36.302(e) and "to ascertain whether the hotel meets her accessibility needs so that she can compare the accessible features of this hotel with others in the area in deciding which hotel is best for her and plan her trip." *Id.* at 8.

Plaintiff's complaint asserts a claim for violations of Title III and the related provisions of the Colorado Anti-Discrimination Act ("CADA"). *See generally id*. Ms. Laufer requests a declaration that defendant violated Title III, prospective injunctive relief, compensatory damages, and attorney's fees and costs. *Id*. Defendant moves to dismiss, asserting that Ms. Laufer does not have standing to maintain this suit. ECF No. 23. Ms. Laufer later moved for leave to supplement her complaint. ECF No. 59. According to her motion for leave to file a supplemental complaint, she did travel to Colorado in July 2021. *Id*. at 2. She also anticipates another trip to Colorado in November 2022. *Id*.

## II.   MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT AND SUPPLEMENTAL AFFIDAVIT

### A. Standard of Review

A court may, "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  Leave to supplement a complaint with "post-complaint transactions, occurrences or events . . . should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants."  *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir.2001) (internal quotation marks omitted).

### B. Analysis

Ms. Laufer has moved for leave to file a supplemental affidavit and complaint because additional transactions, occurrences, and events have occurred since she filed this suit and since she amended the complaint.  *See* ECF No. 74.  Defendant responds that plaintiff admitted that she did not have standing to bring her original complaint in this motion, and that plaintiff does not have standing to bring this supplemental complaint either.

In July 2021 Ms. Laufer took the cross-country road trip that was only contemplated in her amended complaint.  ECF No. 59 at 2.  On that trip, and during the time she spent in Colorado, she sought a hotel that offered accommodations at the end of each day.  *Id*.  These post-complaint occurrences warrant leave to supplement.

However, as discussed below, I conclude that neither the supplemental affidavit nor the supplemental complaint cures the standing problem.  Thus, to avoid unnecessary litigation costs for both parties, I deem defendant's response to the motion to supplement to be, in substance, a motion to dismiss the amended complaint as supplemented.  If plaintiff believes that the supplement did cure the standing problem, she has a sufficient record to pursue an appeal.

3

### III.   DEFENDANT'S MOTION TO DISMISS

#### A. Standard of review

Rule 12(b)(1) provides for challenges to a court's subject matter jurisdiction. *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1294 (10th Cir. 2003). The court's task in resolving a Rule 12(b)(1) motion is determining whether it lacks authority to adjudicate the matter. *Glapion v. Castro*, 79 F.Supp.3d 1207, 1212 (D. Colo. 2015) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). "The issue is not whether plaintiff will ultimately succeed on the merits." *Hanford Downwinders Coalition, Inc. v. Dowdle*, 841 F. Supp. 1050, 1057 (E.D. Wash. 1993). The party asserting subject matter jurisdiction bears the burden of proving that subject matter jurisdiction exists. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

#### B. Analysis

Defendant argues that dismissal is warranted because plaintiff did not allege any of the three requirements for Article III standing. It argues that Ms. Laufer has not alleged a concrete and particularized injury, that there is no casual connection between any injury and the conduct complained of, and that any injury she suffered would not be redressed by a favorable decision by this Court. ECF No. 23 at 3. Ms. Laufer responds that she suffered "informational harm" due to the non-compliant ORS. ECF No. 34 at 1. She alleges an injury based on the deprivation of information. *Id*.

Under Article III of the Constitution, federal courts have jurisdiction to hear only certain "cases" and "controversies." *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014). To be considered a case or controversy under Article III, a plaintiff must show: (1) an injury in fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood of redressability by a favorable decision. *New Mexico v. Dep't of Interior*, 854 F.3d 1207, 1214–15 (10th Cir. 2017). Standing may never be assumed "in order to proceed to the

merits of the underlying claim, regardless of the claim's significance." *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 543 (10th Cir. 2016).

For an injury to be particularized, it "must affect the plaintiff in a personal and individual way." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 506 n.1 (1992) . A "concrete" injury must be "real" rather than "abstract." *Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1190 (10th Cir. 2021). Even in the context of a statutory violation, Article III requires that a concrete injury be alleged. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). To avoid "alleging a bare procedural violation," the plaintiff must show some harm caused by the violation or a material risk of harm to show Article III standing. *Id*. at 1550.

This case is one of many similar cases that Ms. Laufer has filed in this district and elsewhere. The Tenth Circuit recently addressed one of her cases that had been dismissed by a different judge in this district. *Laufer v. Looper,* 22 F.4th 871 (10th Cir. 2022). There, Ms. Laufer alleged that she had visited the ORS of the Elk Run Inn in Craig, Colorado, and that in the near future she intended to revisit that hotel's ORS "in order to test it for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the system to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property." *Id.* at 875. In a declaration submitted in response to defendants' motion to dismiss in that case she stated that her niece lives in Colorado, she visits her there approximately once a year, and that "she 'plans to travel . . . there as soon as the Covid crisis is over and it is safe to travel.'" *Id*. (quoting the declaration). She added that "[w]hen she goes to Colorado she 'intend[s] to travel all throughout the State.'" *Id.*

The Tenth Circuit agreed with the district court's conclusion that Ms. Laufer had failed to plead a concrete and particularized injury because she did not allege an intent to use the ORS to

5

book an accessible room for her actual use. *Id*. The Tenth Circuit added that, like the plaintiff in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), Ms. Laufer failed to allege the "'downstream consequences' from failing to receive the required information" to make her injury concrete and particularized. *Id*. at 7 (quoting *TransUnion*, 141 S. Ct. at 2214).

Ms. Laufer faces the same standing problems in this case as she did in *Looper*. Ms. Laufer alleged an informational injury but did not allege what, if any, "downstream consequences" she will face from the loss of information. She did not allege that she intends to use the ORS at the Boulderado to book an accessible room. She did not allege that when she visited Colorado last summer that she planned or attempted to book an accessible room at the Boulderado. Though she states that she plans to visit Colorado again this fall, she does not allege any plans to stay at the Boulderado. As the Tenth Circuit wrote in *Looper*, "although Ms. Laufer may have had a regulatory right to the information she sought here, she has not demonstrated that the defendants' failure to provide that information caused her to suffer an injury in fact." *Id*.

Ms. Laufer's next argument, that she has suffered an informational injury as an ADA tester is equally unavailing. She relies primarily on one Supreme Court case and two Tenth Circuit cases for the idea that testers may have standing under both Title II and Title III of the ADA—*Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982) (Title II), *Tandy v. City of Wichita*, 380 F.3d 1277 (10th Cir. 2004) (Title II), and *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014) (Title III). However, these cases are not analogous to Ms. Laufer's case.

In *Havens Realty*, one black tester and one white tester approached a real estate agent about renting property. *Havens Realty*, 455 U.S. at 368. The black tester was told there were no

6

units available, while the white tester was told there were. *Id*. The Court found that the black tester had a concrete and particularized injury that met the requirements of Article III: she had standing to sue because she had "alleged injury to her statutorily created right to truthful housing information." *Id*. at 374. Ms. Laufer's situation is not analogous. Ms. Coleman, the black tester in *Havens Realty*, sued under the Fair Housing Act (FHA), which contained a statutory right to truthful housing information. *Id*. That right was necessary to prevent racial discrimination, and Ms. Coleman was unable to get the information she sought because she was black.

Ms. Laufer was not denied information because she is disabled. The information she sought was unavailable to all, regardless of disability status. As the Tenth Circuit noted in *Looper*, Ms. Laufer's alleged injury is different than that suffered by Ms. Coleman—the denial of information to Ms. Laufer was not an active misrepresentation based on animus. *See Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1005 (11th Cir. 2020) ("[T]he Fair Housing Act does not seek to vindicate some amorphous interest in receiving unusable housing information. Instead, it protects the weighty interest in not being subjected to racial discrimination, which can inflict a concrete injury on anyone who personally experiences it." (internal quotations omitted)). The injury in *Havens Realty* was substantially different than the injury alleged here—the two cases are not analogous on the question of standing.

*Tandy* and *Colorado Coal* are also not analogous for standing purposes. The tester-plaintiffs in *Tandy* suffered an actual injury because they had used or intended on using the non-compliant buses at issue in the suit. *Tandy*, 380 F.3d at 1287–89. Ms. Laufer has not alleged that she intends to visit the Boulderado. The *Colorado Cross* tester-plaintiff alleged that she intended to return to the store at issue at least six times a year. *Colo. Cross Disability Coal.*, 765 F.3d at 1211. The Tenth Circuit in *Colorado Cross* also made explicit that "the fact that 'tester

standing' exists under Title III does not displace the general requirements of standing." *Id*. While *Tandy* and *Colorado Cross* stand for the idea that the motivation that caused the injury does not matter for purposes of determining standing, they did not create an exception to Article III standing requirements. ADA testers must still have suffered a concrete and particularized injury to have standing. Ms. Laufer has suffered no such injury from the alleged violations because she, according to her own allegations, has no plans to visit the Boulderado. An intent to visit the area, which is all that she alleged, is insufficient to state an injury that could support Article III standing

## ORDER

1. For the reasons above, plaintiff's motion for leave to file a supplemental affidavit, ECF No. 56, is GRANTED.

2. Plaintiff's motion for leave to file a supplemental complaint, ECF No. 59, is GRANTED.

3. Defendant's motion to dismiss, ECF No. 23, is GRANTED. The amended complaint and supplemental complaint are dismissed without prejudice.

DATED this 22nd day of February, 2022.

BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Judge